BOWDISH *vs.* PECKHAM.

The statute allowing special matter to be given in evidence under the general is-
sue dispenses with the form only—not the substance of a plea in bar; and it is
necessary in such notice, to state the facts relied on as particularly as in a
plea in bar.

THIS was an action for slanderous words spoken by the defend-
ant concerning the plaintiff.

Plea—the *General Issue,* with notice that the defendant would,
on the trial, give in evidence the truth of the words alledged in the
plaintiff's declaration to have been spoken by the defendant.

The plaintiff having proved the speaking of the words by the de-
fendant as alledged in the declaration,

*Swift,* for the defendant, stated that he should defend under the
notice agreeably to the statute, by proving that the words charged
to have been spoken by the defendant of and concerning the plain-
tiff were true, and offered evidence to prove that in an action on
Book between the plaintiff and defendant, the plaintiff had sworn
to a false account by him produced in that action.

*Van Ness,* for the plaintiff, objected to the admission of the evi-
dence under the notice. In an action for slanderous words, the
truth of the words spoken cannot be given in evidence under the
general issue. It must be pleaded specially. The notice allowed
by the statute is in the place of a plea in bar; and in such notice
the facts relied on by the defendant must be set forth as particularly
as in a plea in bar. The plaintiff must have notice of the facts in-
tended to be proved, that he may come prepared to answer them.
1 *Term. Rep.* 748. *Johnson* v. *Stewart.*

*Swift* and *Marvin* for the plaintiff. The notice is with a refer-
ence to the words charged to have been spoken sufficiently particu-
lar, the notice is as particular as the declaration.

*By the Court.* The notice ought to be as particular as a special
plea in bar. The statute by allowing notice of special matter to be
given in evidence under the general issue, dispenses with the form
only—not the substance of a special plea. The plaintiff must by
the notice, be informed of the facts intended to be proved, otherwise,

he may be surprised on trial by the proof of facts which with proper *Franklin,* December, 1813. notice he might have satisfactorily explained or contradicted. He cannot be expected to come prepared to explain or justify every transaction of his life, which, however, will be necessary if such no- *Bowdish vs Peckham,* tice as this be deemed sufficient. The case Johnson *v.* Stewart, cited by the plaintiff's counsel, was an action for the publication of a libel. The rules of pleading in actions for libels and actions for words are the same. In that case the libel had charged the plaintiff generally with being concerned with a nest of notorious swindlers, of whom the plaintiff, Johnson, was the head. The defendant pleaded in justification that the plaintiff had been illegally, frau_dulently, and dishonestly concerned and connected with, and was one of a gang of swindlers and common informers, and had also been guilty of deceiving and defrauding sundry persons, with whom he had had dealings and transactions, wherefore he printed, &c. To this plea there was a demurrer. The Court in that case held the plea to be bad as being too general. The plea was indeed as particular as the charge in the declaration, but that was the charge of the defendant which the plaintiff was bound to state as it was made. But a defendant cannot justify in so general a manner.— He must state the facts on which he relies for a justification, that the plaintiff may come prepared for trial. It is true that our statute intended an ease to the defendant, but it is the duty of the Court to take care that this ease to the defendant shall not be turned into a surprise to the plaintiff. No evidence therefore can be admitted under this notice.

*Swift,* for the defendant, offered the same evidence in mitigation of damages.

*By the Court.* The evidence cannot be received in mitigation of damages. You may give evidence of the general character of the plaintiff, which it must be presumed he has come prepared to support.

Verdict for the plaintiff.

After verdict, *Swift* and *Marvin* moved in arrest of judgment for the insufficiency of the declaration.

The words charged in the first count were—" Joseph Bowdish

*Franklin,*
December,
1813.

Bowdish
*vs.*
Peckham.

(meaning the plaintiff) has made out a false account against me, (meaning the defendant) and sworn to it, and he (meaning the defendant) could prove it."

In the second count, the words were charged to have been spoken as follows—" He, Joseph Bowdish, (meaning the plaintiff) has made out a false account against me, (meaning the defendant) well knowing the account to be false, and sworn to it, and he (meaning the defendant) could prove it."

It was insisted in support of the motion, that the words as charged in the declaration were not actionable—that they did not necessarily import the crime of perjury, especially as there was no colloquium of any Court or magistrate before whom the account had been sworn to, or of any cause or occasion of taking the oath. But admitting the words to be actionable, yet it was insisted that there was an inconsistency running through the whole declaration. After setting forth the words of charge in the first person, each count concludes thus—" and he (meaning the defendant) could prove it." In grammatical construction it is an assertion of the plaintiff that he, the defendant, could prove the charge to be true.

For the plaintiff it was insisted that the words clearly imported a charge of perjury, and would be so understood by all who heard them ; and that although there was in setting forth the words a change of persons, the first to the third, yet it was clear that the defendant was meant in both persons, and so was the averment.

*By the Court.* The words in common understanding clearly import a charge of perjury—perhaps not conclusively. Had they have been introduced with a proper colloquium, it might have been put out of all question. In taking the second exception, the defendant's counsel are correct in their construction of the declaration. The third person *he* clearly means the defendant, as well as *I* preceding in the first person ; but in the one case he is the person speaking—in the other, spoken of ; the person of whom some one makes the assertion, " he can prove it." In strictness the defendant does not make the assertion of himself, whatever the pleader intended. He has put the assertion into the mouth of the plaintiff, who is speaking in the declaration. It is undoubtedly a mistake ; but it is now a fatal one, and the judgment must be arrested.

*Swift,* for the defendant, moved to be allowed costs.

*By the Court.* Costs are not to be taxed in such case by any statute, nor by the common law, nor can costs be taxed for the defendant on any principle of justice. Had the defendant demurred to the declaration, he would have been entitled to cost; but since he has put the plaintiff to the expense of a trial, and the merits have been found against him, it would be as unjust as illegal to allow him costs.